IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN CARLOS CAJAS-DUCHIMAZA** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 26-621** |
| | : | |
| **BRIAN MCSHANE** *et al.* | : | |

## ORDER

This 3rd day of February, 2026, upon consideration of Petitioner Juan Carlos Cajas-Duchimaza's Petition for Writ of Habeas Corpus (ECF 1) and the Government's Response (ECF 4), it is hereby **ORDERED** that the Petition is **GRANTED.**[1]

**IT IS FURTHER ORDERED** that:

1. The Court finds that Mr. Cajas-Duchimaza is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[2]

---

[1] The central legal issues presented by this Petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. *See* ECF 4, p. 3, n.1. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Diallo v. O'Neill, et al*, No 25-cv- 6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.);

[2] I have previously held that aliens detained well after their entry to the United States are not actively "seeking admission" under the meaning of § 1225(b)(2). *See, e.g.*, *Jeireb v. Jamison et al.*, 26-cv-0071 (E.D. Pa. Jan. 8, 2026). The Government seeks to distinguish this case because Mr. Cajas-Duchimaza was first detained "while arriving in the United States," ECF 4 at 2 (citing *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025)). But the fact that Mr. Cajas-Duchimaza was detained during his crossing 10 years ago is a distinction without a difference: it remains the case that Mr. Cajas-Duchimaza is no longer actively "seeking admission" within the meaning of § 1225(b) as it has been construed by this Court and many others across the country. *See Cabeza Cordero v. Rose et al.*, No. 26-cv-534, at 5-6 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (rejecting a detention based on *Q. Li* because "it is immaterial whether the Government detained Petitioner as an applicant 'seeking admission' under Section 1225(b) when Petitioner first crossed the border in 2022. What matters is that he was not actively seeking admission within the meaning of that Section when he was re-arrested.").

2. The Government shall release Mr. Cajas-Duchimaza from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **5:00 p.m. ET** on **February 3, 2026**.

3. The Government is temporarily enjoined from re-detaining Mr. Cajas-Duchimaza for seven days following his release from custody.

4. If the Government pursues re-detention of Mr. Cajas-Duchimaza, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Cajas-Duchimaza's removal proceedings.

5. If the Government pursues re-detention of Mr. Cajas-Duchimaza, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Cajas-Duchimaza from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this order. If the immigration judge determines Mr. Cajas-Duchimaza is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission to move Mr. Cajas-Duchimaza if unforeseen or emergency circumstances arise that require his removal from this District. That request must set forth the grounds for the request and a proposed destination.

                                                  /s/ Gerald Austin McHugh
                                                    United States District Judge